*887 OPINION.
Sternhagen:
Petitioner’s position is that, notwithstanding its deliberate purchase of Gunby’s securities for money and its intentional omission to issue its own shares for them, its acquisition of the securities must be regarded as in exchange for its shares. Thus, by reason of sections 113 (a) (8) and 112 (b) (5) of the Revenue Act of 1934, the gain or loss from the sale of the securities would be computed upon the same basis as would be applicable to Gunby, the transferor, had he sold the securities. Gunby’s basis would be his actual cost and, consistently with the Commissioner’s present determination, it may be assumed that in computing the gain or loss to him from the sale of his securities to petitioner such basis was used. It should not be used again to determine the gain or loss of a succeeding owner, especially his own corporation.
There is always a difficulty in knowing when a corporation is to be recognized as a separate taxable person and when it is to be regarded as a mere formality. Cases can be found pointing each way, and always the circumstances deprive the holding of universal significance. There is no absolute. However, the general rule is that the corporation is recognized, and that its treatment as a mere form is exceptional. Burnet v. Commonwealth Improvement Co., 287 U. S. 415; Higgins v. Smith, 308 U. S. 473.
Petitioner does not ask that the legal character of the corporation as a person be disregarded, but that the legal character of its transaction be disregarded. The form of a sale was, it says, merely “employed to obviate the necessity of submitting” to the Maryland Tax Commission the list of securities received for shares issued. By reason, therefore, of the petitioner’s willful conduct the state authorities have recognized its original stock issue as being for money. Is the Board, a Federal tribunal, to hold that this is not so and thus in an unrelated Federal proceeding intimate either that the petitioner has flouted the law of its creation or that the state has winked at the petitioner’s failure to comply with it? The evidence shows that petitioner in fact issued its shares for money and therefore that no list of securities was filed with the state tax commission. We can not permit the evidence to be warped into a finding that in reality the shares were issued in exchange for securities. Minnie C. Brackett, Administratrix, 19 B. T. A. 1154; affd., 57 Fed. (2d) 1072.
The Commissioner correctly held that the petitioner acquired the *888 securities by purchase and that its gain or loss upon sale in the tax years was properly to be computed on the basis of the cost. The figures in the computation are not in dispute.
Reviewed by the Board.

Decision will loe entered for the respondent.